**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS ELLIOT,** | : | |
| Petitioner | : | **No. 1:11-cr-00295** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently pending before the Court is Petitioner Thomas Elliott's motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 56.)  For the reasons that

follow, the Court will deny the motion in part, and grant Petitioner an evidentiary hearing.

## I.      BACKGROUND

In October 2011, a grand jury indicted Petitioner on one count of possession with intent

to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  (Doc. No. 1.)  In March 2012,

the Court accepted Petitioner's guilty plea on the charge.  (Doc. No. 35.)  Petitioner was then

sentenced to a term of 151 months of imprisonment.  (Doc. No. 41.)  The United States Court of

Appeals for the Third Circuit affirmed his conviction and sentence on April 17, 2013.  (Doc. No.

54.)  On June 12, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  (Doc. No. 56.)  In accordance with United States v. Miller, the

Court then directed Petitioner to complete and file a notice of election within forty-five days, and

notified him that his failure to do so would result in the Court ruling on his petition as captioned.

(Doc. No. 56.)  Petitioner did not return his notice of election.  Accordingly, the Court will rule

on the motion as captioned.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Addonizio, 442 U.S. 178, 185 (1979).  Rather, Section 2255 is implicated only when the alleged error raises "'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 185 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Section 2255(b) advises that a prisoner may be entitled to a hearing on his motion.  The decision to hold a hearing is wholly within the discretion of the district court.  Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  When the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing.  See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985).  If the record conclusively negates the factual predicates asserted in support of a Section 2255 motion, or, if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the trial court may elect not to conduct an evidentiary hearing. Id.

### III.    DISCUSSION

Petitioner raises three arguments in support of his Section 2255 motion.  (Doc. No. 56 at 5.)  First, Petitioner asserts that his Fourth Amendment rights were violated because police relied on an invalid search warrant in obtaining evidence to be used against him.  (Id.)  Second,

Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when counsel allegedly failed to investigate the warrant's validity, misrepresented the conditions of Petitioner's plea agreement, and failed to object to the inclusion of what Petitioner viewed as "three extra" grams of crack cocaine listed in the Presentence Report, as well as the inclusion of an expunged conviction.  (Id.)  Third, Petitioner contends that his Fifth Amendment rights were violated because the Court relied upon incorrect facts in the Presentence Report, resulting in an improper enhancement to his sentence.  (Id.)

## A.    Petitioner's Fourth Amendment "invalid warrant" argument

Petitioner first contends that his Fourth Amendment rights were violated because police used an invalid search warrant to seize evidence that ultimately suported his charge for possession with intent to distribute crack cocaine.  (Id.)  Specifically, Petitioner alleges that the warrant was invalid because the home described was not Petitioner's home.  (Id.)

Petitioner's Fourth Amendment argument fails.  Because Petitioner voluntarily and knowingly entered a guilty plea to the underlying charge, he waived his right to raise constitutional challenges to the conviction.  United States v. Tamburro, 97 F. App'x 378, 380 (3d Cir. 2004).  (See also Doc. No. 49 at 9) (indicating that Petitioner signed his plea agreement knowingly and voluntarily.)  "A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt," and thus "[c]onviction and sentence following a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been acquired by the prosecuting authorities."  United States v. Ptomey, 366 F.2d 759, 760 (3d Cir. 1966).  Thus, Petitioner's challenge to his sentence on the basis of an allegedly invalid warrant fails.  The Court need not reach the question of whether the warrant was indeed invalid.

Accordingly, the Court will deny Petitioner's motion to vacate, set aside, or correct his sentence on the grounds that police executed an invalid search warrant in violation of his Fourth Amendment rights.

>    **B.**    **Petitioner's "ineffective assistance of counsel" argument**

Petitioner next contends that his Sixth Amendment right to effective assistance of counsel was violated because counsel failed to investigate the warrant's validity, misrepresented the conditions of Petitioner's plea agreement, and failed to object to the inclusion of allegedly improper information in the Presentence Report.  (Doc. No. 56 at 5.)

To state a claim for ineffective assistance of counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness," as well as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  In assessing whether counsel's representation fell below an objective standard of reasonableness, the Court considers "whether counsel's assistance was reasonable considering all the circumstances." Id. at 689.  The Court must be "highly deferential" to counsel's decisions, and give a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id.  If Petitioner is able to establish that counsel's performance fell below an objective standard of reasonableness, Petitioner must then show that counsel's inadequacy actually prejudiced his defense. Id. at 687.  Prejudice is established when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

1.      **Petitioner's claim that counsel was ineffective for failing to challenge the search warrant**

Petitioner has not established that counsel was ineffective for failing to challenge the search warrant.  Petitioner argues that the warrant was invalid because it did not provide a correct address, and "the place or home that was searched was not the resident [sic] of the petitioner."  (Doc. No. 56 at 5.)  However, even assuming <u>arguendo</u> that the search warrant was invalid and counsel was objectively unreasonable in failing to challenge it, Petitioner has not established that but for counsel's inaction, the proceeding's result would have been different.  Because there was sufficient evidence to charge Petitioner with possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) based on his sales of crack cocaine to a confidential informant in April and July 2011, even a successful challenge to the warrant by counsel would not have affected Petitioner's sentence.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694.  (<u>See also</u> Presentence Report ¶¶ 7, 9) (indicating that a conservative estimate for the total weight of crack cocaine Petitioner sold in the two controlled buys was thirteen grams.)[1]  Therefore, even absent the additional evidence police seized when executing the search warrant, the two controlled buys orchestrated by police provided adequate evidence for Petitioner's arrest and charge of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).

---

[1] Petitioner also challenges the total drug weight for which he was sentenced.  (<u>See</u> Doc. No. 56 at 5.)  Specifically, Petitioner challenges his attorney's failure to object to the inclusion of three grams of crack cocaine in the Presentence Report, which the Court addresses in Section III.B.3.a.  (<u>Id.</u>)  However, regardless of whether the three grams in question are included for sentencing purposes, the approximately .34 grams seized upon execution of the warrant would not have altered Petitioner's sentencing range.  <u>See</u> United States Sentencing Commission Guidelines Manual 2011, § 2D1.1(c)(10)-(11).  Thus, for this Section, the Court will consider the total drug weight to be 13.24 grams, because that is the weight at which Petitioner was sentenced.

Additionally, Petitioner's sentence was not enhanced on the basis of the evidence seized during the search, but was calculated based on his status as a career offender and the fact that the amount of crack cocaine involved in the two controlled buys placed Petitioner into a certain sentencing range, which would not be lowered if the .34 grams seized pursuant to the warrant were excluded.  (See Presentence Report ¶¶ 14, 22.)  Accordingly, because he has not shown that the results of the proceeding would have been different but for counsel's ineffectiveness, Petitioner has failed to meet the standard set forth in Strickland as to his claim that counsel was ineffective for failing to challenge the search warrant as invalid.  See Strickland, 466 U.S. at 694.

**2.      Petitioner's claim that counsel was ineffective for misrepresenting the terms of the plea agreement**

Petitioner next asserts that counsel was ineffective because he misrepresented the terms of the plea agreement.  (Doc. No. 56 at 5.)  It is clear from the record that Petitioner expressed satisfaction with counsel's performance, and stated that he fully understood the terms of the plea agreement, as well as the legal ramifications of his guilty plea.  (See Doc. No. 49 at 5, 8-17.) Petitioner does not specifically indicate how counsel allegedly misrepresented the terms of the plea agreement, and therefore the Court has no basis for finding that counsel's representation of the terms of the plea agreement in any way fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 689.  Accordingly, Petitioner has failed to meet the Strickland standard as to his claim that counsel was ineffective for misrepresenting the terms of the plea agreement.

**3.      Petitioner's claim that counsel was ineffective for failing to object to the presentence report**

Last, Petitioner contends that counsel was ineffective because he did not object to the inclusion of "three extra" grams of crack cocaine in the Presentence Report, or the inclusion of a 1988 conviction Petitioner claims was expunged.  (Doc. No. 56 at 5.)  For the reasons that follow, Petitioner has not established that counsel was ineffective for failing to object to the inclusion of the allegedly expunged conviction.  However, at this stage, the Court cannot determine whether Petitioner meets the <u>Strickland</u> standard for ineffective assistance of counsel with regard to counsel's failure to object to the "three extra" grams of crack cocaine in the Presentence Report.  Therefore, the matter warrants an evidentiary hearing.

      **a.**        **Petitioner's claim regarding "three extra" grams of crack cocaine**

The total number of grams of crack cocaine for which Petitioner was charged was based largely on the two controlled sales Petitioner made to a confidential informant in April and July of 2011, and Petitioner admitted that he sold crack cocaine on those two occasions.  (<u>See</u> Presentence Report at 3; Doc. No. 49 at 18-19.)  However, at his plea hearing, the Court did not ask Petitioner to concede that the crack cocaine sold in the aforementioned sales amounted to a certain drug weight.  (Doc. No. 49 at 19.)  Petitioner now asserts that he was prejudiced by counsel's failure to object to the inclusion of the three grams the government purports to have recovered from the April 2011 controlled buy.  (Doc. No. 56 at 5.)

Petitioner's Presentence Report notes that "there is no laboratory report" for the amount of crack cocaine recovered in the April 2011 controlled buy.  Presentence Report at 3.  If the three grams associated with the April 2011 buy were excluded, Petitioner would only be charged with the sale of 9.9 grams of crack cocaine from the July 2011 controlled buy, and .34 grams seized upon a police warrant, for a total of 10.24 grams.  <u>See</u> <u>id.</u>  With a total drug weight of

10.24 rather than 13.24 grams of crack cocaine, the calculation of Petitioner's guideline range would have been lower, possibly resulting in a lower sentence.  <u>See</u> United States Sentencing Commission Guidelines Manuel 2011, § 2D1.1(c)(11) (indicating a "level 18" rating for sale of at least 5.6 grams but less than 11.2 grams of cocaine base).  <u>See</u> <u>also</u> § 2D1.1(c)(10) (indicating a "level 20" rating for sale of at least 11.2 grams but less than 16.8 grams of cocaine base).

The United States Court of Appeals for the Third Circuit has held that, "an error in application of the Guidelines that results in use of a higher sentencing range should be presumed to affect the defendant's substantial rights." <u>United States v. Knight</u>, 266 F.3d 203, 207 (3d Cir. 2001).  Here, Petitioner has established that if the three grams from the April 2011 buy had been excluded, he may have received a lower sentence.  <u>See</u> United States Sentencing Commission Guidelines Manuel 2011, § 1D1.1(c)(10)-(11).  A petitioner who receives an improperly high sentence suffers actual prejudice for purposes of <u>Strickland v. Washington</u>.  <u>See</u> 466 U.S. 668, 694 (1984); <u>Knight</u>, 266 F.3d at 207.

Although Petitioner has shown that the exclusion of three grams of crack cocaine could have resulted in a lower sentence, at this stage the Court cannot find that in failing to object to the three grams of crack cocaine in question, counsel provided ineffective assistance.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694.  Petitioner had the opportunity to present objections to the Presentence Report at his sentencing hearing, but did not object to the total weight of crack cocaine for which he was charged.  (<u>See</u> Doc. No. 50 at 2; Addendum to the Presentence Report at 19.)  Instead, Petitioner's counsel asked only that the Court decline from considering Petitioner a career offender.  (Addendum to the Presentence Report at 19.)  Generally, district courts are entitled to make sentencing-related determinations based on unchallenged information

in a Presentence Report.  See United States v. Akinola, 66 F. App'x 314, 316 (3d Cir. 2003).

Further, when a criminal defendant fails to inform counsel that he wishes to challenge some

aspect of the Presentence Report that he has previously acknowledged, the Court "cannot fault

counsel for not raising the issue." United States v. Soto, 159 F. Supp. 2d 39, 48 (E.D. Pa. 2001).

       Here, the Court does not possess sufficient information to determine whether counsel's

failure to object to the three grams of crack cocaine from the April 2011 buy in the Presentence

Report was the result of counsel's unprofessional error, thereby warranting relief for Petitioner,

or Petitioner's acknowledgment to counsel that the inclusion of three grams was an accurate

account of the weight he sold in April 2011.  Further, the Court cannot yet determine whether the

three grams would have been excluded had Petitioner's counsel objected.  See United States v.

Toro, 406 F. App'x 645, 647 (3d Cir. 2011) (indicating that a contested drug weight can be

proved by means other than a laboratory report).  Without further information as to counsel's

motivations behind his failure to object, the Court cannot make a determination as to whether

counsel's performance fell below an objective standard of reasonableness.  Neither can the Court

determine whether an objection by counsel would have been successful, thereby lowering the

total drug weight and sentencing range for Petitioner, or if the government could have

established the accuracy of the three gram measurement without a laboratory report.

Accordingly, the Court finds that Petitioner is entitled to an evidentiary hearing on the matter of

whether his counsel provided ineffective assistance by failing to object to the inclusion of three

grams of crack cocaine in the Presentence Report.

       **b.      Petitioner's claim regarding the 1988 conviction**

       Petitioner also argues that counsel violated his Sixth Amendment rights when he failed to

object to the sentencing court's inclusion of a 1988 conviction, which Petitioner claims was expunged.  (Doc. No. 56 at 5.)  However, the Court of Common Pleas of Dauphin County's docket entry for Petitioner's 1988 conviction for aggravated assault with a deadly weapon does not show that the matter was expunged, or that Petitioner petitioned for its expunction.  (Docket No. CP-22-CR-819-1988.)  Further, in his objections to the Presentence Report, Petitioner did not claim that the 1988 conviction had been expunged.  (See Addendum to Presentence Report at 19.)  Thus, because Petitioner does not establish that his 1988 conviction was expunged, he has not shown that counsel's failure to object to the Presentence Report's inclusion of the 1988 conviction fell below an objectively reasonable standard of performance.  Petitioner has therefore failed to meet the Strickland ineffective assistance of counsel standard for his expungement claim.  Accordingly, the Court will deny Petitioner's motion to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel for failure to object to the inclusion of the 1988 conviction in the Presentence Report.

### C. Petitioner's argument that the trial court's reliance on the presentence report violated the Fifth Amendment

Finally, Petitioner argues that the Court relied on inaccurate information in the Presentence Report, and consequently erred when calculating his sentence under the Sentencing Guidelines in violation of the Fifth Amendment.  (Doc. No. 56 at 5.)  Specifically, Petitioner contends that the Presentence Report erroneously included three grams of crack cocaine that should not have been considered.  (Id.)

Petitioner's argument for habeas relief on the grounds that the Court improperly relied on the inclusion of three grams of crack in the Presentence Report fails.  Although Petitioner has established that counsel's failure to object to the three grams warrants an evidentiary hearing to

determine whether counsel's representation was ineffective, Petitioner has not established that the Court violated his Fifth Amendment rights by relying on information in the Presentence Report to which he did not object. (See Doc No. 27 at 12; Addendum to Presentence Report at 19.)  District courts are entitled to make sentencing-related determinations based on unchallenged information in a Presentence Report.  See United States v. Akinola, 66 F. App'x 314, 316 (3d Cir. 2003).  Accordingly, the Court will deny Petitioner's motion for federal habeas relief on the basis that the sentencing court violated Petitioner's Fifth Amendment rights.

## V.      CONCLUSION

The Court concludes that Petitioner requires an evidentiary hearing regarding his claim that counsel provided ineffective assistance when he failed to object to the inclusion of three grams of crack cocaine in the Presentence Report.  Petitioner's remaining arguments in his Section 2255 motion do not merit relief.  An order consistent with this memorandum follows.